IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Saporia Octavia Jackson,<br><br>        Plaintiff,<br><br>v.<br><br>Andrew Saul, Commissioner of Social Security,[1]<br><br>        Defendant. | C/A No. 0:18-1303-PJG<br><br>**ORDER** |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Saporia Octavia Jackson, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted as the named defendant because he became the Commissioner of Social Security on June 17, 2019.



Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).

# ADMINISTRATIVE PROCEEDINGS

In September 2014, Jackson applied for SSI, alleging disability beginning October 26, 2009. Jackson's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on March 9, 2017, at which Jackson appeared and testified and was represented by Jason K. Baril, Esquire and Ryan Goddard, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on May 22, 2017 finding that Jackson had not been under a disability since the application was filed on September 23, 2014. (Tr. 20-27.)

Jackson was born in 1994 and was twenty years old on the date her application was filed. She has a high school education and no past relevant work experience. (Tr. 195.) Jackson alleged disability due to brachial plexus, and right shoulder and arm numbness and atrophy. (Tr. 194.)

In applying the five-step sequential process, the ALJ found that Jackson had not engaged in substantial gainful activity since the application date of September 23, 2014. The ALJ also determined that Jackson's right brachial plexus with right shoulder degenerative joint disease were severe impairments. However, the ALJ found that Jackson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Jackson retained the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) with further limitation to lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently; standing and/or walking 6 hours in an 8 hour workday; sitting 6 hours in an 8 hour workday; no use of right upper extremity for pushing, pulling, using hand controls, reaching (in all directions), handling, fingering and feeling; no more than frequent stooping, kneeling, crouching, balancing, and climbing of ramps and stairs; no crawling or climbing of ladders, ropes or scaffolds; and, no more than occasional exposure to hazards such as unprotected heights and moving mechanical parts.

*PJG*

(Tr. 23.) The ALJ found Jackson had no past relevant work, but that considering Jackson's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Jackson could perform. Therefore, the ALJ found that Jackson had not been under a disability since the application was filed on September 23, 2014.

The Appeals Council denied Jackson's request for review on March 8, 2018, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

PJG

## ISSUE

Jackson raises the following issue for this judicial review:

1. The ALJ failed to reconcile the opinion of Dr. Lord with the RFC determination. This was harmful error as Dr. Lord's opinion contradicts the ability to perform light work.

(Pl.'s Br., ECF No. 18.)

## DISCUSSION[3]

The sole challenge by Jackson to the ALJ's decision is that the ALJ's residual functional capacity assessment is unsupported by substantial evidence because it is inconsistent with a portion of an opinion to which the ALJ gave great weight. Upon careful review of this matter, the court concludes that Jackson has failed to demonstrate that the ALJ's residual functional capacity assessment is unsupported by substantial evidence or controlled by an error of law.

In considering the opinion at issue, the ALJ found as follows:

As part of the claimant's application for disability, she underwent a consultative evaluation in January 2015 by Lori Lord, M.D. The claimant's allegations include right shoulder and brachial plexus injury as well as right arm paralysis. The claimant reported that she was involved in a motor vehicle accident in 2010 and sustained right arm injury. She stated that she is right-hand dominant at baseline and spent the last several years trying to learn to compensate using her left hand. She has learned to dress and undress herself without assistance. She stated that she is able to use the phone, but cannot do any activities while she is using her left hand. Claimant has attempted to work in August 2014, but stated she was unable to continue to work secondary to excessive fatigue from using only her left hand repeatedly and she struggled to do even routine activities that required any type of handwriting using her left hand. She is now able to feed herself, dress herself, and can stand at one time for

---

[3] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 416.913, 416.927. Because the instant claim was filed prior to that date, all references in the instant Order are to the prior versions of the regulations which were in effect at the time Jackson's application for benefits was filed, unless otherwise specified.



1 hour. She has no difficulty walking a mile. She indicated that she tries to do whatever household chores she can using only her left hand, but cannot lift heavy pots or anything that might require use of both hands at the same time. Claimant has had no hospitalizations in the past several years. On exam, the claimant appeared in no acute distress. She had no trouble with ambulation at all and did not use an assistive device. She was able to get up and out of the chair without difficulty and on and off the exam table without trouble. She was able to dress and undress herself. She used only her left hand. Cranial nerves II through XII were grossly intact without any evidence of a deficit. She had normal hearing and ability to balance. She was unable to shrug her shoulder on the right side at all. Her gait was completely normal. Station was normal and she had no trouble with gross or fine dexterous movements of her left hand. She could not move her right hand at all. Strength was normal and 5/5 in her left upper and lower extremity as well as her right lower extremity. She had weakness and inability to move her right arm. She had no tremors or involuntary movements otherwise. She was able to tandem walk. Claimant did not require use of any orthotics, prosthetics, or assistive devices. Dr. Lord's consultative evaluation resulted in impression of right upper extremity paralysis following a motor vehicle accident with ongoing profound loss of movement and sensation in her right arm. She is also struggling to carryout activities such as handwriting or typing using only her left hand only. Any type of the job that she is able to maintain cannot require use of both hands and also should not require excessive amounts of handwriting or documentation involving writing or using a typewriter. She would appear to be very limited in her ability to complete office work or any type of physical labor (Exhibit 6F). I give great weight to Dr. Lord's consultative evaluation except for the suggested limitations to the left upper extremity.

(Tr. 24.)

Jackson argues that a determination that she could perform a reduced range of light work with the left extremity is inconsistent with Dr. Lord's statement that Jackson "would appear to be very limited in her ability to complete . . . any type of physical labor." (Tr. 24, 341.) Jackson asserts "the inability to perform any sort of physical labor is most consistent with sedentary work, if it is consistent with any type of work." (Pl.'s Reply Br. at 1, ECF No. 20 at 1.) However, Jackson fails to provide any support, legal or otherwise, for such an assertion. Dr. Lord did not define "physical labor." Moreover, reading the phrase in the context of the entire sentence, Dr. Lord indicated that Jackson "would appear to be limited in her ability" to complete any type of physical labor; she did

*PJG*

not state that Jackson was *unable* to perform it.  Nor does her opinion otherwise suggest that Jackson is limited to sedentary work.  Finally, the ALJ discounted Dr. Lord's opinion to the extent it suggested limitations with Jackson's left extremity.

Thus, the court finds that Jackson has failed to demonstrate that the ALJ's evaluation of this evidence and the residual functional capacity assessment are unsupported by substantial evidence or controlled by an error of law.  Contrary to Jackson's conclusory argument, the court finds the ALJ's evaluation of Dr. Lord's opinion and the residual functional capacity assessment to be comfortably within the bounds of substantial evidence.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance" and stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1973) (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

*PJG*

**ORDER**

For the foregoing reasons, the court finds that Jackson has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. Therefore, it is hereby

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 31, 2019
Columbia, South Carolina